UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81268-CIV-MARRA/MATTHEWMAN

ERIC RODRIGUEZ,

Plaintiff,

vs.

LB DELRAY BEACH, LLC, d/b/a LINDA
BEAN'S PERFECT MAINE,

Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiff's Motion to Strike Defendant's Seventh, Eighth, Tenth and Twelfth Affirmative Defenses (DE 12). Defendant has not responded to the motion. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

On November 20, 2011, Plaintiff filed an action for injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") against Defendant. (DE 1.) Along with its Answer (DE 8), Defendant asserted numerous defenses, including the following:

**Seventh Affirmative Defense**

Defendant acted at all times in good faith and had legitimate grounds to believe its conduct with respect to Plaintiff was in full compliance with the law.

**Eighth Affirmative Defense**

Plaintiff has failed to mitigate damages in that Defendant was never given reasonable notice of the alleged violations nor did Plaintiff request access and reasonable accommodations.

**Tenth Affirmative Defense**

Plaintiff is a professional plaintiff that has filed twenty five lawsuits since August of 2012. This case should be dismissed due to Plaintiff's vexatious litigation and since Plaintiff lacks standing.

**Twelfth Affirmative Defense**

Plaintiff's recovery should be limited to the extent that the remedial actions sought by Plaintiff would cause unreasonable risk to the safety or health of others or would violate the health, safety, and land use laws applicable to Defendant's facility.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Fed. R. Civ. P. 12(f). Motions to strike, however, are generally disfavored by the court. See Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991); Westfield Ins. Co. v. Northland Ins. Co., No. 08-80748-CIV, 2008 WL 4753994, at * 2 (S.D. Fla. Oct. 28, 2008). The reason is that courts consider striking a pleading to be a "drastic remedy to be resorted to only when required for the purposes of justice." Augustus v. Bd. of Pub. Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir.1962)[1] (quoting Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)); Exhibit Icons, LLC v. XP Companies, LLC, 609 F. Supp. 2d 1282, 1300 (S.D. Fla. 2009). That stated, an affirmative defense may be stricken if the defense is "insufficient as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

F. Supp. 992, 1000 (M.D. Fla. 1976)).  A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.  Id.

Turning first to Affirmative Defense Seven, the Court finds it must be stricken. Whether or not Defendant acted in good faith is irrelevant. See, e.g., Helen L v. DiDario, 46 F.3d 325, 335 (3d Cir. 1995) (Title II of the ADA would be eviscerated by conditioning its protections upon a finding of intentional or overt discrimination); Mayberry v. Von Valtier, 843 F. Supp. 1160, 1166 (E.D. Mich. 1994) ("Congress appears to have intended the ADA to address the discriminatory effects of benign actions or inaction, as well as intentional discrimination.")

Likewise, Affirmative Defense Eight must also be stricken.  The Eleventh Circuit has unequivocally stated that pre-suit notice is not required for Title III ADA claims. Association of Disabled Americans v. Neptune Designs, Inc., 469 F.3d 1357, 1359-60 (11th Cir. 2006).  Thus, an affirmative defense that suggests Plaintiff had the burden to request an accommodation prior to filing suit is impermissible.

The portion of Affirmative Defense Ten, which states that the case should be dismissed due to Plaintiff's vexatious litigation, is stricken as it is not an affirmative defense.  The Court, however, will not strike the portion that states Plaintiff has no standing. Lack of standing is a jurisdictional defense and thus may be raised at any time in the litigation. Florida Ass'n of Med. Equip. Dealers v. Apfel, 194 F.3d 1227, 1230 (11th Cir.1999) (stating that "every court has an independent duty to review standing as a basis for jurisdiction at any time, for every case it adjudicates").  Lastly, the Court strikes Affirmative Defense Twelve as it is not an affirmative defense.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to

Strike Defendant's Seventh, Eighth, Tenth and Twelfth Affirmative Defenses (DE 12) is

**GRANTED IN PART AND DENIED IN PART.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of July, 2013.

_____
KENNETH A. MARRA
United States District Judge